Joshua I White (SBN 278166)
William M. Hogg (SBN 338196)
LAUREL EMPLOYMENT LAW
808 Wilshire Boulevard, Suite 200
Santa Monica, California 90401
Tel: (323) 551-9221
Fax: (310) 564-4093
josh@laurelemploymentlaw.com
william@laurelemploymentlaw.com

*Counsel for King & the Commissioned Employees*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

HEIDI KING, Individually and for Others Similarly Situated,

Plaintiff,

vs.

NORDSTROM, INC.,

Defendant.

**Case No. 8:26-cv-00121-MRA (KESx)**

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND OR, ALTERNATIVELY, FOR LIMITED JURISDICTIONAL DISCOVERY**

| | |
|---|---|
| Date: | Mar. 10, 2026 |
| Time: | 10:00 A.M. |
| Courtroom: | 9B |
| | |
| Action Filed: | Dec. 11, 2025 |
| Removal Date: | Jan. 15, 2026 |
| Trial Date: | TBD |

**TO THE COURT, DEFENDANT, AND COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN that on Tuesday, March 10, 2026 at 10:00 a.m. PST in the Courtroom 9B of the above Court, located at the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, California 92701-4516, the Honorable Mónica Ramírez Almadani presiding, Plaintiff Heidi King will seek an Order remanding this action to the Superior Court of California, County of Orange.

Defendant Nordstrom, Inc. removed this action pursuant to the Class Action Fairness Act ("CAFA"), which requires Nordstrom to demonstrate there is minimal diversity, the class is greater than 100 persons, and the amount-in-controversy exceeds $5,000,000. King brings this motion on the grounds that Nordstrom has failed to put forth any evidence demonstrating there are more than 100 class members at issue, nor any evidence demonstrating the amount-in-controversy here exceeds $5,000,000. As such, Nordstrom has failed to demonstrate all requirements under CAFA are met here, and remand is appropriate.

Alternatively, King requests the Court permit limited discovery aimed at the issues of (1) number of putative class members; and (2) the potential amount-in-controversy. King has already served these requests and is awaiting Nordstrom's response, if any. *See* Exhibit 1.

King will proceed upon this Motion, the accompanying Memorandum of Points and Authorities, the accompanying evidence, and any other further briefings and arguments of counsel.

**RELIEF SOUGHT:**

King respectfully requests the Court remand the action to the Superior Court of California, County of Orange, or, alternatively, permit limited CAFA jurisdiction discovery.

This Motion is based on this Notice, the Memorandum of Points and Authorities, the evidence provided herein, the papers, pleadings, and other records on file in this Action, and on such further evidence or argument as the Court may consider.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place via video conference on February 2, 2026.

Date: February 2, 2026

Respectfully submitted,

*/s/ William M. Hogg*
Joshua I. White
William M. Hogg
**LAUREL EMPLOYMENT LAW**

*Counsel for King & the Commissioned Employees*

## Table of Contents


1. Introduction. .......... 1
2. Relevant Facts. .......... 2
3. Legal Standard. .......... 4
4. Arguments & Authorities. .......... 7
   A. Nordstrom failed to provide any evidence in support of removal. .......... 7
   B. Limited jurisdictional discovery would also be appropriate. .......... 10
5. Conclusion. .......... 13

## Table of Authorities


Page(s)

**Cases**

*Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006) ........ 5, 8, 11, 12

*Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019) ........ 6

*Coit v. Fidelity Assurance Assocs., LLC*, No. C 08-2585, 2008 WL 3286978 (N.D. Cal. Aug. 6, 2008) ........ 6, 7

*Corley v. Invitation Homes Realty Cal., Inc.*, No. 5:23-cv-00146-FLA (KKx), 2023 WL 5686501 (C.D. Cal. Aug. 3, 2023) ........ 9

*Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770 (9th Cir. 2017) ........ 5

*Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014) ........ 5, 6

*Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785 (9th Cir. 2018) ........ 5, 6

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) ........ 7

*Gibson v. Chrysler Corp.*, 261 F.3d 927 (9th Cir. 2001) ........ 12

*Guglielmino v. McKee Foods Corp.*, 506 F.3d 696 (9th Cir. 2007) ........ 6, 7, 8

*Herrera v. C & J Clark Am. Inc.*, No. 25-cv-07072-JSC, 2025 WL 3171593 (N.D. Cal. Nov. 13, 2025) ........ 8

*Herrick v. TTW Tech., Inc.*, No. 5:25-cv-00945-SB-SP, 2025 WL 2331623 (C.D. Cal. Aug. 13, 2025) ........ 12

*HSBC Bank USA, NA v. Valencia*, No. 09-CV-1260, 2010 WL 546721 (E.D. Cal. Feb. 10, 2010) ........ 10

*Ibarra v. Manheim Invs., Inc.*,
775 F.3d 1193 (9th Cir. 2015)....................5, 6, 8, 9

*Jian-Ming Zhao v. RelayRides, Inc.*,
No. 17-cv-04099-JCS, 2017 WL 6336082 (N.D. Cal. Dec. 12, 2017)................ 12

*King v. Great Am. Chicken Corp., Inc.*,
903 F.3d 875 (9th Cir. 2018)....................11

*Kogan v. Allstate Fire and Cas. Ins. Co.*,
No. C15-5559BHS, 2017 WL 11679256 (W.D. Wash. Feb. 13, 2017)................ 12

*Kokkonen v. Guardian Life Ins. Co.*,
511 U.S. 375 (1994).................... 4

*Kroske v. U.S. Bank Corp.*,
432 F.3d 976 (9th Cir. 2005).................... 6

*Laub v. U.S. Dep't of the Interior*,
342 F.3d 1080 (9th Cir. 2003)....................11

*Letuligasenoa v. Int'l Paper Co.*,
No. 5:13-cv-05272-EJD, 2014 WL 2115246 (N.D. Cal. May 20, 2014)............... 9

*Lowdermilk v. U.S. Bank Nat'l Ass'n*,
479 F.3d 994 (9th Cir. 2007.................... 7, 8

*Matheson v. Progressive Specialty Ins. Co.*,
319 F.3d 1089 (9th Cir. 2003).................... 7

*Mondragon v. Capital One Auto Finance*,
736 F.3d 880 (9th Cir. 2013)....................11

*Moore-Thomas v. Alaska Airlines, Inc.*,
553 F.3d 1241 (9th Cir. 2009).................... 7

*Nuance Commc'ns, Inc. v. Abby Software House*,
626 F.3d 1222 (Fed. Cir. 2010)....................11

*Quetel v. Cosmo Store Services, LLC*,
No. 8:10-cv-1175-JST (RNBx), 2010 WL 11596146 (C.D. Cal. Oct. 26, 2010).... 8

*Roth v. Comerica Bank*,
799 F. Supp. 2d 1107 (C.D. Cal. 2010) ........ 9

*Singer v. State Farm Mut. Auto Inso. Co.*,
116 F.3d 373 (9th Cir. 1997) ........ 8

*Spargifiore v. Panda Rest. Grp., Inc.*,
No. 20-cv-09837-AB-MRW, 2021 WL 405815 (C.D. Cal. Feb. 4, 2021) ........ 12

*Tiffany v. Hometown Buffet, Inc.*,
No. C 06-2524 SBA, 2006 WL 1749557 (N.D. Cal. June 22, 2006) ........ 8

*Valdez v. Allstate Ins. Co.*,
372 F.3d 1115 (9th Cir. 2004) ........ 10

*Wells Fargo & Co. v. Wells Fargo Exp. Co.*,
556 F.2d 406 (9th Cir. 1977) ........ 10

**Statutes**

28 U.S.C. § 1332 ........ 5

28 U.S.C. § 1441 ........ 5

28 U.S.C. § 1447 ........ 5

29 C.F.R. § 516.2 ........ 3

29 U.S.C. § 211 ........ 3

Cal. Lab. Code § 1174 ........ 3

## 1. Introduction.

Nordstrom removed this action pursuant to CAFA, alleging CAFA's minimal diversity, class size, and amount-in-controversy requirements are met. *See* ECF No. 1. Nordstrom, however, failed to provide the Court with any evidence demonstrating the class size exceeds 100 persons or the amount-in-controversy exceeds $5,000,000. Instead, Nordstrom provided allegations based on "information and belief" along with two declarations to support its CAFA removal: one from Dominik Pohlmann, the senior director of human resources technology, operations, and analytics at Nordstrom, and one from Amy Todd, Nordstrom's defense counsel. *See* ECF Nos. 1, 1-8, 1-9. Neither declaration provides testimony about the number of potential class members or the amount at issue in this case. The record provided by Nordstrom is devoid of any evidence, whether documentary evidence or declaration testimony, supporting the allegations in Nordstrom's Notice of Removal. This renders all such allegations in the Notice of Removal speculative and unsupported. Because Nordstrom failed to meet its evidentiary burden to demonstrate all of CAFA's requirements are met here, the Court should remand this action.

Alternatively, King requests the Court permit limited jurisdictional discovery of Nordstrom's payroll and timekeeping records for the potential class members to ascertain the actual number of potential class members, as well as whether the amount-in-controversy plausibly exceeds $5,000,000. King has served this limited jurisdictional discovery and is awaiting Nordstrom's responses.

**2. Relevant Facts.**

King commenced this putative class action against Nordstrom in the Superior Court of California, County of Orange on December 11, 2025. *See* ECF No. 1-1 at 2. King alleges eight causes of action for unpaid overtime wages, failure to pay all hours worked, improper deductions/withholdings, failure to reimburse necessary business expenses, waiting time penalties, wage statement violations, recordkeeping violations, and Unfair Competition Law ("UCL") claims predicated on Nordstrom's violations of the California Labor Code. *Id.*

King worked for Nordstrom as a non-exempt sales liaison from May 2023 to January 2025, and was paid on an hourly rate basis plus commissions. *Id.* at 6–7. King alleges Nordstrom required her and other commission-earning employees like her to perform work while off-the-clock, resulting in unpaid straight time wages, unpaid overtime wages, and inaccurate wage statements. *Id.* King also alleges Nordstrom implemented an improper commissions deduction policy, wherein Nordstrom required negative net sales resulting from customer returns to be deducted from already-earned commissions. *Id.* at 7. King also alleges Nordstrom requires her and other commission-earning employees like her to use their personal cell phones as a necessary part of their jobs, but does not reimburse the employees for this business expense. *Id.* As a result of the wage-and-hour violations alleged, King alleges Nordstrom fails to pay her and other commission-earning employees like her all wages upon their separation of employment, entitling them to waiting time penalties. *Id.*

On January 15, 2026, Nordstrom removed the action alleging CAFA jurisdiction. *See* ECF No. 1.

In support of its argument that CAFA jurisdiction exists, Nordstrom pleaded "on information and belief" that there are more than 100 class members. *See* ECF No. 1 at 6 ("Nordstrom is informed and believes that it has employed well in excess of 100 non-exempt or hourly-paid employees who were paid on a commission basis in its Nordstrom retail stores in California during the" relevant time period). Despite having relevant personnel, payroll, and timekeeping records within its possession, as required under State and Federal law (Cal. Lab. Code § 1174; 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a)), which would definitively demonstrate the number of potential class members, Nordstrom declined to provide **any** evidence to support this contention.

In support of its argument that the amount-in-controversy here exceeds $5,000,000, Nordstrom cites only Count V in King's Complaint seeking waiting time penalties. *See* ECF No. 1 at 10–11. Despite having ready access to all of the information needed to prove this amount-in-controversy allegation, if true, Nordstrom again pleads on "information and belief" that "at least 3,100 putative class members terminated from employment with Nordstrom" from "December 11, 2022 through the present[.]" *Id.* at 11. Nordstrom also alleged on "information and belief" that those 3,100 individuals worked "an average of at least five hours per day." *Id.* at 11–12. Nordstrom then applied a simplistic calculation of $15 per hour, multiplied by 5 hours per day, multiplied by 30 days, multiplied by 3,100 people, to come up with a figure of $6,975,000. *Id.* at 12–13.

Nordstrom provides zero evidence to support its class size or amount-in-controversy contentions. Rather, Nordstrom provides only two declarations in support of its Notice of Removal: the declaration of Amy Todd, who is Nordstrom's counsel of record, and the declaration of Dominik Pohlmann, who is Nordstrom's senior director of human resources technology, operations, and analytics. *See* ECF No. 1-8 & 1-9.

Ms. Todd does not claim to have personal knowledge about the number of potential class members or the amount-in-controversy calculation. *See* ECF No. 1-8. Her declaration is limited to providing a recitation of the procedural history of the case, attaching copies of state court filings, and attesting to the date of service. *Id.*

Mr. Pohlmann, despite ostensibly having all of Nordstrom's personnel, payroll, and timekeeping records at his disposal in his position as a senior director of human resources (*see* ECF No. 1-9 at ¶ 4), provided no testimony as to the number of potential class members, their dates of work, their hours worked, or their rates of pay. *See* ECF No. 1-9. His testimony was solely limited to describing his internal role with Nordstrom and testifying about King's residency based on Nordstrom records. *Id.* Mr. Pohlmann provided no testimony regarding the number of class members at issue or the amount-in-controversy. *Id.*

**3. Legal Standard.**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Congress and the Constitution. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed if the federal court would have had original jurisdiction over the

suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. *Id.* § 1447(c). The antiremoval presumption that applies to some Notices of Removals does not apply to CAFA. *See Dart Cherokee Basin Operating Co., LLC v. Owen*s, 574 U.S. 81, 89 (2014). When a case is removed, the removing party bears the burden of demonstrating that removal is proper. *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017).

Federal subject matter jurisdiction may be based on diversity of citizenship pursuant to CAFA. *See* 28 U.S.C. § 1332(d)(2). The party seeking federal subject matter jurisdiction under CAFA must show that at least one plaintiff and one defendant are citizens of different states, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs. *Id.* "[T]he burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chem. Co*., 443 F.3d 676, 685 (9th Cir. 2006) (per curiam). "The notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 788 (9th Cir. 2018) (quoting *Dart Cherokee*, 574 U.S. at 82)). However, "[i]f the amount in controversy is not clear from the face of the complaint, 'the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." *Id.* at 788–89 (quoting *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)). "'[W]hen a defendant's assertion of the amount in controversy is challenged … both sides submit proof and the court decides, by a preponderance of

the evidence, whether the amount-in-controversy requirement has been satisfied.'" *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (quoting *Dart Cherokee*, 574 U.S. at 88). "Along with the complaint, [courts] consider allegations in the removal petition, as well as 'summary-judgment-type-evidence related to the amount in controversy at the time of removal.'" *Fritsch*, 899 F.3d at 793 (quoting *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)). "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra*, 775 F.3d at 1197. "[A] damages assessment may require a chain of reasoning that includes assumptions," but "those assumptions cannot be pulled from thin air" and "need some reasonable ground underlying them." *Id.* at 1199.

When a plaintiff moves to remand a case that was removed under CAFA, the Ninth Circuit has "identified at least three different burdens of proof which might be placed on a removing defendant under varying circumstances." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). First, "when a complaint filed in state court alleges on its face [facts] sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *See id.* (reviewing the defendant's burden of proof with regard to the amount in controversy); *Coit v. Fidelity Assurance Assocs., LLC*, No. C 08-2585, 2008 WL 3286978, at *4 (N.D. Cal. Aug. 6, 2008) (implying that the burdens of proof used in cases reviewing the amount in controversy requirement also applied to CAFA's numerosity requirement).

Second, "where it is unclear or ambiguous from the face of a state-court complaint whether [the facts required for CAFA jurisdiction are] pled[,] we apply a preponderance of the evidence standard." *See Guglielmino*, 506 F.3d at 699; *Coit*, 2008 WL 3286978, at *4.

Finally, "when a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that CAFA's jurisdictional [requirements are] met.'" *See Guglielmino*, 506 F.3d at 699 (quoting *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007)); *Coit*, 2008 WL 3286978, at *4.

Here, King does not dispute the minimal diversity requirement is met. However, King's Complaint does not facially state whether the number of class members exceeds 100 or whether the amount-in-controversy exceeds $5 million. As such, Nordstrom must prove those facts by a preponderance of the evidence.

Courts should resolve any doubts as to removability in favor of remanding the case to state court. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

**4. Arguments & Authorities.**

**A. Nordstrom failed to provide any evidence in support of removal.**

In the context of removal, when the amount in controversy is contested and it is unclear or ambiguous from the face of the complaint whether the requisite amount in controversy has been pled, the removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.

*Guglielmino,* 506 F.3d at 699. The amount-in-controversy requirement cannot be met through "speculation and conjecture." *Lowdermilk*, 479 F.3d at 998. Rather, the removing defendant must proffer "summary-judgment type evidence relevant to the amount in controversy at the time of removal." *Abrego Abrego*, 443 F.3d at 690 (quoting *Singer v. State Farm Mut. Auto Inso. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). The same is true of the class size requirement: the removing defendant must prove by a preponderance of the evidence that the proposed class contains at least 100 members. *See Herrera v. C & J Clark Am. Inc.*, No. 25-cv-07072-JSC, 2025 WL 3171593, at *1 (N.D. Cal. Nov. 13, 2025); *Tiffany v. Hometown Buffet, Inc.*, No. C 06-2524 SBA, 2006 WL 1749557, at *9 (N.D. Cal. June 22, 2006).

Here, King's Complaint does not specifically allege the class size exceeds 100 persons (*see* ECF No. 1-1 at 9, ¶ 49 ("Upon information and belief, there are at least 50 members of the putative class.")),[1] nor does it allege a specific amount in controversy. As such, "if [Nordstrom] wants to pursue a federal forum under CAFA, [Nordstrom] has the burden to put forward **evidence** showing that the amount in controversy exceeds $5 million … and to persuade the court that the estimate of damages in controversy is a reasonable one." *Ibarra*, 775 F.3d at 1197 (emphasis added).

---

[1] *See, e.g., Quetel v. Cosmo Store Services, LLC*, No. 8:10-cv-1175-JST (RNBx), 2010 WL 11596146, at *3 (C.D. Cal. Oct. 26, 2010) ("Plaintiff's estimate in the Complaint that there could be as many as 100 class members is insufficient to presumptively satisfy the federal jurisdictional threshold, such that either party need establish to a legal certainty that the number of class members is above or below CAFA's numerosity requirement.").

"Under this system, CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the … theory of damages exposure." *Id.* "[T]he party asserting jurisdiction under CAFA bears the burden to put forward allegations **and sufficient evidence** that the amount in controversy exceeds $5 million." *Corley v. Invitation Homes Realty Cal., Inc.*, No. 5:23-cv-00146-FLA (KKx), 2023 WL 5686501, at *1 (C.D. Cal. Aug. 3, 2023) (emphasis added).

"[I]n evaluating whether a removing defendant has met its burden, it is proper for courts to consider which party has access to or control over the records and information required to determine whether the amount in controversy requirement is met." *Letuligasenoa v. Int'l Paper Co.*, No. 5:13-cv-05272-EJD, 2014 WL 2115246, at *5 (N.D. Cal. May 20, 2014). Here, Mr. Pohlmann concedes (ECF. No. 1-9 at ¶ 4) that Nordstrom is "'in the best position to adduce evidence regarding the working hours and wages' of their employees." *Letuligasenoa,* 2014 WL 2115246, at *5 (quoting *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1130 (C.D. Cal. 2010)).

Even with ready access to the relevant information within its business records, including a precise number of potential class members, their locations of work, their dates of employment, their hours worked, and their rates of pay, Nordstrom failed to provide any evidence to support its conclusion that there are more than 100 class members and that the waiting time penalties would be nearly $7 million.

For instance, King defined the class as current and former non-exempt Nordstrom employees who worked in California "and were paid on an hourly rate basis **plus commissions**[.]" See ECF No. 1-1 at ¶ 8 (emphasis added). Nordstrom

failed to provide the Court with any evidence showing its estimate of 3,100 former employees is accurate with respect to that class definition, because it is unclear whether Nordstrom is only including commission-earning employees as opposed to all non-exempt, hourly-paid employees. It is also unclear whether Nordstrom is including employees from retail stores, like Nordstrom Rack, which make up the majority of Nordstrom's retail stores around the state but do not generally pay commissions to its non-exempt sales employees. Nordstrom's estimation based on "information and belief" likewise assumes that each of those persons are full-time, non-exempt employees, when in fact that group could include an untold number of part-time employees, which in turn would impact the number of hours worked per day and whether King's allegations would even apply. It is also unclear whether Nordstrom is misinterpreting the class definition for the purpose of expanding the number of potential class members.

"[I]nformation and belief hardly constitutes proof by a preponderance of the evidence." *HSBC Bank USA, NA v. Valencia*, No. 09-CV-1260, 2010 WL 546721, at *6 (E.D. Cal. Feb. 10, 2010) (quoting *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004)). Because Nordstrom failed to provide any evidence in support of its contentions, its contentions are purely speculative. Remand is appropriate.

**B. Limited jurisdictional discovery would also be appropriate.**

Alternatively, King requests permission to conduct limited jurisdictional discovery regarding the number of class members and the amount-in-controversy. The Court may grant such discovery at its discretion. *See Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977) ("[A] court may allow

discovery to aid in determining whether it has in personam or subject matter jurisdiction … [t]his matter is generally left to the discretion of the trial court."); *see also Abrego Abrego*, 443 F.3d at 692 (holding that the Senate Judiciary Committee Report issued ten days after CAFA's passage into law "confirms that any decision regarding jurisdictional discovery is a discretionary one, and is governed by existing principles regarding post-removal jurisdictional discovery, including the disinclination to entertain substantial, burdensome discovery on jurisdictional issues." (internal quotations omitted)).

In the Ninth Circuit, "discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Nuance Commc'ns, Inc. v. Abby Software House*, 626 F.3d 1222, 1235 (Fed. Cir. 2010) (citing *Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003)). Here, the actual number of class members at issue is controverted, as is the amount-in-controversy.

Courts in the Ninth Circuit (including the Central District of California) have ordered jurisdictional discovery when CAFA is at issue and there is a dearth of evidence proffered by the removing party, or where the plaintiff needs discovery to prove an exception to CAFA applies. *See, e.g., King v. Great Am. Chicken Corp., Inc.*, 903 F.3d 875, 881 (9th Cir. 2018) ("On remand to the district court … King should be given an opportunity to seek additional jurisdictional discovery and to renew her motion to remand"); *Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 885 (9th Cir. 2013) (ordering the district court to "allow [the plaintiff] an opportunity, if he so chooses, to renew his motion to remand and to take jurisdictional discovery

tailored" to proving a CAFA exception); *Abrego Abrego*, 443 F.3d at 691 ("'some courts have suggested that it may be appropriate to allow discovery relevant to jurisdictional amount prior to remanding'" (quoting *Gibson v. Chrysler Corp.*, 261 F.3d 927, 948 (9th Cir. 2001)); *Herrick v. TTW Tech., Inc.*, No. 5:25-cv-00945-SB-SP, 2025 WL 2331623, at *2 (C.D. Cal. Aug. 13, 2025) (noting the court granted plaintiff's request for limited jurisdictional discovery related to CAFA exceptions); *Spargifiore v. Panda Rest. Grp., Inc.*, No. 20-cv-09837-AB-MRW, 2021 WL 405815, at *1 (C.D. Cal. Feb. 4, 2021) (ordering defendant to provide plaintiff with the names, last known addresses, phone number, and other information concerning the putative class); *Jian-Ming Zhao v. RelayRides, Inc.*, No. 17-cv-04099-JCS, 2017 WL 6336082, at *17 (N.D. Cal. Dec. 12, 2017) (finding defendants failed to demonstrate the amount-in-controversy requirement and permitting limited discovery on that issue); *cf. Kogan v. Allstate Fire and Cas. Ins. Co.*, No. C15-5559BHS, 2017 WL 11679256, at *2–3 (W.D. Wash. Feb. 13, 2017) (overruling defendant's objections to jurisdictional discovery regarding the class size and compelling disclosure of jurisdictional information).

Because Nordstrom failed to provide the Court with evidence regarding the number of class members and the amount-in-controversy, the Court should permit limited jurisdictional discovery on those issues. King has already served these discovery requests (*see* Exhibit 1) and is awaiting Nordstrom's response. The requests are narrowly tailored to the issues of class size, rates of pay, and hours worked, which speak directly to Nordstrom's calculation of the amount-in-controversy.

**5. Conclusion.**

Nordstrom has failed to provide the Court with preponderance-level evidence supporting CAFA removal. As such, Nordstrom has not met its burden to demonstrate the number of class members exceeds 100 nor that the amount in controversy here is at least $5,000,000. As such, the Court should remand the case to the Superior Court of California, County of Los Orange where it was originally brought.

Alternatively, the Court should permit limited jurisdictional discovery on this issue to allow King the opportunity to prove CAFA jurisdiction is unsupported or, conversely, to stipulate to CAFA jurisdiction following adequate discovery.

King further requests all other relief to which she may be entitled.

Date: February 2, 2026

Respectfully submitted,

*/s/ William M. Hogg*
Joshua I. White
William M. Hogg
**LAUREL EMPLOYMENT LAW**

*Counsel for King & the Commissioned Employees*

## Certificate of Service

I hereby certify that I electronically filed the foregoing document(s) with the Clerk of Court for the United States District Court, Central District of California, by using the Court's CM/ECF system on February 2, 2026. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Court's CM/ECF system.

*/s/ William M. Hogg*
William M. Hogg

## Certificate of Conference

I hereby certify that I have conferred in good faith with Defendant, via videoconference, before filing the instant motion. This conference took place on February 2, 2026. During the call, we discussed thoroughly the substance of the contemplated motion and potential resolution. Unfortunately, the parties reached an impasse and Defendant is opposed to the Motion at this time.

*/s/ William M. Hogg*
William M. Hogg

## L.R. 11-6.2 Certificate of Compliance

The undersigned, counsel of record for Plaintiff Heidi King, certifies that this memorandum of law contains 3,281 words, which complies with the word limit of L.R. 11-6.1.

*/s/ William M. Hogg*
William M. Hogg